UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADIL MOHAMED ABUZEID *et al.*,

    *Plaintiffs*,

v.

CHAD L. WOLF *et al.*,

    *Defendants*.

Civil Action No. 18-382 (TJK)

## MEMORANDUM OPINION

Dr. Adil Abuzeid, a citizen of the United Kingdom and Saudi Arabia, applied for adjustment of his status in this country to lawful permanent residency under the Immigration and Nationality Act, 8 U.S.C. § 1255. His applications were denied several times, and he and his wife now request that this Court review, and effectively reverse, those decisions. Defendants argue that this Court has no jurisdiction to do so because Section 1252(a)(2)(B)(i) commands that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title." Plaintiffs argue, to the contrary, that although Defendants' ultimate exercise of discretion may be unreviewable, Dr. Abuzeid's eligibility for that status under 8 U.S.C. § 1182(e) is a question of law that this Court may review. The Court ultimately agrees with Defendants that Section 1252(a)(2)(B)(i) means what it says. Thus, for substantially the same reasons this Court explained in *Verastegui v. Wolf,* 468 F. Supp. 3d 94 (D.D.C. 2020), it finds that Section 1252(a)(2)(B)(i) bars judicial review of Defendants' decisions denying Dr. Abuzeid's adjustment of status applications and grants Defendants' motion to dismiss for lack of subject-matter jurisdiction.

I.  **Background**

Dr. Abuzeid is a citizen of the United Kingdom and Saudi Arabia. ECF No. 8 ("Am. Compl.") ¶ 1. He entered the United States in October 2001 as a nonimmigrant exchange visitor under 8 U.S.C. § 1101(a)(15)(J) to pursue graduate medical education. *Id.* ¶ 19–20. In June 2015, he filed an I-485 application for an adjustment of status to become a lawful permanent resident in connection with his pending employment-based visa petition, under regulations promulgated under 8 U.S.C. § 1255 of the Immigration and Nationality Act (INA). Am. Compl. ¶ 26. That decision is ultimately a discretionary one. *See* 8 U.S.C. § 1255(i)(2) ("[T]he Attorney General *may* adjust the status of the alien to that of an alien lawfully admitted for permanent residence if [the statutory eligibility requirements are satisfied].") (emphasis added).

In November 2017, United States Citizenship and Immigration Services (USCIS) denied his application because the agency found him inadmissible under 8 U.S.C. § 1182(e).[1] *See* Am. Compl. ¶¶ 72–113; ECF No. 10-8. That provision requires that to be eligible for lawful permanent resident status, those like Dr. Abuzeid who come to the United States to pursue graduate medical education must establish that they have "resided and been physically present in the country of [their] nationality or [their] last residence for an aggregate of at least two years following departure from the United States." 8 U.S.C. § 1182(e).

Plaintiffs filed this suit in February 2018. ECF No. 1. In July 2018, USCIS reopened its decision and in October 2018, again denied Dr. Abuzeid's application for substantially the same reason. *See* Am. Compl. ¶¶ 114–163; ECF No. 10-10.[2] Throughout the administrative process, Dr. Abuzeid argued that he met the requirements of 8 U.S.C. § 1182(e) through a series of trips

---

[1] This statute codifies Section 212(e) of the INA.
[2] In February 2018, Dr. Abuzeid also submitted a family-based adjustment of status application based on his marriage to a U.S. citizen, but that application was denied for the same reasons as his other applications. *See* Am. Compl. ¶¶ 164–173; ECF No. 10-11.

he took to the United Kingdom and Saudi Arabia from August 2007 to August 2012—after his "J-1" status expired and he departed the United States—which he alleges yielded him a cumulative total of 806 days in these countries.  *See* Am. Compl. ¶ 23.  But USCIS concluded that under the statute he could not combine the time he spent in both nations to meet the two-year requirement; he had to rely only on his time in the United Kingdom.  *See* ECF No. 10-10 at 5, 7; ECF No. 10-11 at 3.  Further, USCIS determined, he had not submitted enough evidence to show that he had resided and been physically present in the United Kingdom during all the time he claimed.  *See* ECF No. 10-8 at 5–7; ECF No. 10-10 at 5–9.

In October 2018, Plaintiffs filed their Amended Complaint, alleging that Defendants' denials of Dr. Abuzeid's adjustment of status applications violated the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* and his due process rights under the Fifth Amendment.  *See* Am. Compl. ¶¶ 182–193.  Plaintiffs request that the Court (1) issue a declaratory judgment that Defendants' adjudications and denials of Dr. Abuzeid's adjustment of status applications were unlawful, that he is eligible to apply for an adjustment of status to that of a lawful permanent resident, and that his applications were meritorious and should be approved; and (2) order Defendants to approve his adjustment of status applications.  *See id.* at 54–56.

In May 2020, Defendants moved to dismiss for lack of subject-matter jurisdiction.  In sum, they argue that USCIS's decisions to deny Plaintiffs' applications were discretionary "judgment[s] regarding the granting of relief under section . . . 1255" that "no court shall have jurisdiction to review," 8 U.S.C. § 1252(a)(2)(B)(i).  ECF No. 26-1.  Plaintiffs assert, to the contrary, that although "the ultimate exercise of discretion may be unreviewable, the issue of eligibility is a question of law that is subject to review."  ECF No. 27 ("Opp.") at 6.

3

## II. Legal Standard

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff must prove by a preponderance of the evidence that the Court has jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating such a motion, the Court must accept as true factual allegations in the complaint and draw all reasonable inferences in a plaintiff's favor. *Ctr. for Biological Diversity v. Kempthorne*, 498 F. Supp. 2d 293, 296 (D.D.C. 2007). Additionally, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III. Analysis

"Like all federal courts, the district court is a court of limited jurisdiction." *Belhas v. Ya'alon*, 515 F.3d 1279, 1282 (D.C. Cir. 2008). The "federal question" statute, 28 U.S.C. § 1331, typically provides jurisdiction for suits brought under the APA or alleging constitutional claims. *Trudeau v. Federal Trade Comm'n*, 456 F.3d 178, 184–85 (D.C. Cir. 2006). There are certain statutes, however, that prevent courts from exercising Section 1331 federal question jurisdiction over specific types of claims. *See, e.g., Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (Social Security and Medicare Act claims rely exclusively on 42 U.S.C. 405(g) jurisdiction). The INA is such a statute.

The relevant part of the INA, 8 U.S.C. § 1252(a)(2)(B), is titled "Denials of discretionary relief." It directs that "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*":

> (i) *any judgment regarding the granting of relief under section* 1182(h), 1182(i), 1229b, 1229c, or *1255* of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).  Subparagraph (D), which Congress added to the INA through the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302,[3] is titled "Judicial review of certain legal claims"; it clarifies that despite the INA's bar on judicial review of agency judgments under Section 1255, "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."  8 U.S.C. § 1252(a)(2)(D).  And as the statute makes clear elsewhere, "a petition for review filed with an appropriate court of appeals . . . [is] the sole and exclusive means for judicial review of an order of removal."  *Id.* § 1252(a)(5).

In summary, through subparagraph (B), "Congress expressly included decisions to deny relief under § 1255 within this jurisdiction-limiting provision," and in subparagraph (D), "Congress made explicit that despite the jurisdiction-stripping language of § 1252(a)(2)(B), courts of appeals"—not district courts—"retain a narrowly circumscribed jurisdiction to resolve constitutional claims or questions of law raised by aliens seeking discretionary relief," and "only in the context of removal proceedings."  *Lee v. U.S. Citizenship & Immigration Servs.*, 592 F.3d

---

[3] Through the REAL ID Act, Congress also added the language "regardless of whether the judgment, decision, or action is made in removal proceedings," 8 U.S.C. § 1252(a)(2)(B), "presumably to resolve a disagreement between some . . . circuits and district courts as to whether § 1252(a)(2)(B) applied outside the context of removal proceedings, given that the majority of the provisions within § 1252 seemingly concern removal orders," *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142 n.13 (11th Cir. 2009).

5

612, 619–20 (4th Cir. 2010) (cleaned up); *see Schroeck v. Gonzales*, 429 F.3d 947, 950–51 (10th Cir. 2005) (describing the jurisdiction of courts of appeals).

This suit falls within this jurisdictional bar, as the Fourth Circuit held in the same circumstances in *Lee*. 592 F.3d at 619 ("Congress expressly included decisions to deny relief under § 1255 within this jurisdiction-limiting provision; therefore, the denial of an application for adjustment of status . . . is not amenable to judicial review."). Dr. Abuzeid applied for adjustment of status several times under 8 U.S.C. § 1255. Am. Compl. ¶ 26. Each time, USCIS denied his applications because it found him inadmissible under 8 U.S.C. § 1182(e). *See* ECF No. 10-8 at 7; ECF No. 10-10 at 8; ECF No. 10-11 at 4. Plaintiffs brought this case to reverse those decisions. *See* Am. Compl. at 54–56. But Section 1252(a)(2)(B)(i) precludes district courts from reviewing "any" such "judgment[s] regarding the granting of relief under section . . . 1255." *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 (5th Cir. 2008) ("The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I–485 application for permanent resident status under § 1255. The district court thus correctly held that it lacked jurisdiction to review the denial of John's I–485 application.").

To be sure, subparagraph (D) permits judicial review of legal issues affecting the denial of adjustment of status. But that provision requires a plaintiff to raise those issues (1) directly in the "appropriate court of appeals" and (2) "upon a petition for review" of a final order of removal. 8 U.S.C. §§ 1252(a)(2)(D), 1252(a)(5); *Lee*, 592 F.3d at 620; *see McBrearty v. Perryman*, 212 F.3d 985, 986–87 (7th Cir. 2000) (finding a suit challenging the denial of adjustment of status "premature" before "the immigration service institutes removal" proceedings and "barred by the [8 U.S.C. § 1252(a)(2)(B)(i)] door-closing statute"). Instead, by

6

filing this suit, Dr. Abuzeid has challenged his eligibility for adjustment of status under 8 U.S.C. § 1182(e) in a district court, and without removal proceedings pending.

Plaintiffs try to avoid the preclusive scope of Section 1252(a)(2)(B)(i) by inviting the Court to consider the reasoning behind USCIS's denial of Dr. Abuzeid's adjustment of status applications. They argue that "although the [Defendants'] ultimate exercise of discretion may be unreviewable, the issue of eligibility is a question of law that is subject to review." Opp. at 6. Although the D.C. Circuit has not considered this question, there is some caselaw—in this jurisdiction and beyond—supporting that general proposition. *See, e.g.*, *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 50–51 (D.D.C. 2011).[4] But for several reasons, the Court is not persuaded, and another decision in this jurisdiction is in accord. *See Djodeir v. Mayorkas*, 657 F. Supp. 2d 22 (D.D.C. 2009).

To begin with, USCIS's conclusions about Dr. Abuzeid's eligibility did not turn solely on questions of law. In part, they were grounded in USCIS's determinations that Dr. Abuzeid had failed to produce enough proof that he had "resided and been physically present" in the United Kingdom for the time he asserted. ECF No. 10-8 at 4–7; *see also* ECF No. 10-10 at 4–9. Thus, it does not appear that even if USCIS had permitted Dr. Abuzeid to count all the time he claimed

---

[4] Most of the cases cited by Plaintiffs are inapposite. In both *Portillo-Rendon v. Holder*, 662 F.3d 815 (7th Cir. 2011) and *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008), the plaintiffs' petitions for review—raising what they argued were nondiscretionary questions of law—were filed in courts of appeals and in connection with removal proceedings under subparagraph (D); these cases say nothing about a *district court's* jurisdiction under Section 1252(a)(2)(B)(i). The same is true of *Lagandaon v. Ashcroft*, 383 F.3d 983 (9th Cir. 2004), *Garcia-Lopez v. Ashcroft*, 334 F.3d 840 (9th Cir. 2003), and *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166 (9th Cir. 2003), although these cases predate enactment of subparagraph (D) through the REAL ID Act. And *William v. Gonzalez*, 499 F.3d 329 (4th Cir. 2007) has nothing to do with a district court's jurisdiction either; indeed, three years later that Circuit decided *Lee* without so much as mentioning it.

he had "resided and been physically present" in Saudi Arabia toward the 2-year requirement, it would have found him eligible for an adjustment of status. That distinguishes this case from—for example—*Verastegui,* in which the parties agreed that "the factual findings upon which the two denials were based [were] correct in relevant part" and "the only issue in [the] case [was] Defendants' interpretation of § 1182(a)(9)(B)(i)(I) that led to the denial of Plaintiffs' adjustment of status request[s]." 468 F. Supp. 3d at 96.

But even assuming the entire issue of Dr. Abuzeid's eligibility was a question of law on which USCIS's denials of his adjustment of status applications turned, that would still not render its judgments reviewable by this Court.

First, the key parts of the statutory text do not allow for the Court to separate USCIS's judgments from the reasoning behind them. Congress barred judicial review of "*any* judgment"—not merely some judgments—"regarding the granting of relief under section . . . 1255," 8 U.S.C. § 1252(a)(2)(B)(i) (emphasis added). And as the Supreme Court has explained, that clause precludes judicial review over "different form[s] of discretionary relief from removal" that are explicitly "entrusted to the Attorney General's discretion." *Kucana v. Holder*, 558 U.S. 233, 246 (2010); *see* 8 U.S.C. § 1252(a)(2)(B) (titled "Denials of discretionary relief"). Adjustment of status, addressed in Section 1255, is one such form of relief. *See* 8 U.S.C. § 1255(i)(2) ("[T]he Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence . . . ."). Thus, because the relief Dr. Abuzeid sought was "made discretionary by legislation," *Kucana*, 558 U.S. at 246–47, this Court may not pick out *some* judgments "regarding the granting" of that relief and recharacterize them as nondiscretionary based on the reasoning behind them.

Second, another part of the statute reinforces the Court's conclusion that it lacks subject matter-jurisdiction.  If Congress had wanted to permit district courts to review "pure question[s] of law" decided under Section 1255, as Plaintiffs suggest, it "could easily have said so." *Kucana*, 558 U.S. at 248.  Instead, Congress enacted subparagraph (D) through the Real ID Act, clarifying that despite the INA's bar on judicial review of agency judgments under Section 1255, "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D).  Thus, this passage "provides that the exclusive means of judicial review of a legal issue related to the denial of an adjustment of status is by a petition for review to the court of appeals," as opposed to a district court.  *Lee*, 592 F.3d at 621.

Third, as the Fourth Circuit also observed in *Lee*, this interpretation of the statute is consistent with common sense.  As a practical matter, eligibility determinations "cannot be divorced from the denial itself," *id.* at 620.  The relief Plaintiffs request here bears that out.  Plaintiffs do not merely ask that the Court find that USCIS got Dr. Abuzeid's eligibility wrong as a matter of law.  They ask it to declare that Defendants' denials of his adjustment of status applications were unlawful, and to order USCIS to approve them.  *See* Am. Compl. at 56.  But these denials are—inescapably— "judgment[s] regarding the granting of relief under section . . . 1255" which Congress made unreviewable by this Court.  8 U.S.C. § 1252(a)(2)(B)(i).

## IV. Conclusion

For all the above reasons, the Court lacks subject-matter jurisdiction and will grant Defendants' motion. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 22, 2020